IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LIREAN KIMBLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-11-207-D |
| | ) | |
| | ) | |
| TERRY JENKS, Executive Director of the | ) | |
| Oklahoma Pardon & Parole Board, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, a state prisoner appearing *pro se*, brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the Oklahoma Pardon and Parole Board's failure to afford him a hearing on his application for an early parole docket for consideration of sentence commutation. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings. Respondents filed a motion to dismiss, and Petitioner timely responded. On September 29, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 12] in which she recommended that the motion to dismiss be granted. Because Petitioner has timely objected, the matter is reviewed *de novo*.

Petitioner's request for habeas relief is based on his July 2009 application for special and early parole docket commutation consideration. He alleges that no action was taken on his request and, after waiting ninety days, he filed a Petition for Writ of Habeas Corpus or alternative Petition for an Extraordinary Writ in Oklahoma County District Court. His request was denied, and the denial was affirmed on appeal. He then filed this action.

As the Magistrate Judge explained, Petitioner asserts two grounds for habeas relief. First, he contends the Pardon and Parole Board (the "Board") violated his due process rights by failing to afford him a full and fair hearing on his application. Second, he argues the Board's failure to maintain an administrative grievance procedure for claims seeking commutation rendered the state court's decision to deny habeas relief an unreasonable application of Supreme Court law. He seeks relief in the form of a modification or commutation of his sentence to reduce the same from 99 years to 45 years or less.

As the Magistrate Judge correctly concluded, Petitioner cannot base his habeas claim on a violation of due process because he has no liberty interest in parole proceedings. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Parker v. Sirmons*, 152 F. App'x 705, 707 (10th Cir. 2005) (unpublished opinion). Both the Tenth Circuit Court of Appeals and the Oklahoma Supreme Court have found that Oklahoma's parole statutes do not create a liberty interest. *Shirley v. Chestnut*, 603 F. 2d 805, 807 (10th Cir. 1979); *Shabazz v. Keating*, 977 P. 2d 1089, 1093 (Okla. 1999).

The Court agrees with the Magistrate Judge's conclusion that, absent a liberty interest in parole, Petitioner in this case cannot support a habeas claim based on a purported violation of his due process rights. *Fristoe v. Thompson*, 144 F. 3d 627, 630 (10th Cir. 1998). Accordingly, his first basis for habeas relief fails.

Similarly, Petitioner has failed to allege facts sufficient to support a habeas claim based on the denial of equal protection because the Board failed to conduct a hearing on his request. His allegations in this regard lack factual specificity, and his conclusory allegations are insufficient. *See*

*Straley v. Utah Bd. of Pardons,* 582 F. 3d 1208, 1215 (10th Cir. 2009).

The Court also agrees that Petitioner's habeas claim cannot be based on the contention that the Board's lack of an administrative grievance procedure warrants relief. As the Magistrate Judge noted, Petitioner incorrectly argues that the Supreme Court has held a parole board must have a grievance procedure. In *Porter v. Nussle,* 534 U.S. 516, 524 (2002), the case on which Petitioner relies, the Court held that an inmate must exhaust available grievance procedures, but it did not hold that such procedures must be adopted. As the Magistrate Judge also explained, the additional authorities cited by Petitioner do not support his contention. The Court agrees that this claim cannot form a basis for habeas relief.

In his objections to the Report and Recommendation, Petitioner reiterates his previous arguments, and does not offer additional argument or legal authority in support of his contentions. The Court finds no basis for rejecting the recommendation of the Magistrate Judge.

Having reviewed the file, the Report and Recommendation, and Petitioner's objections, the Court finds that the Magistrate Judge correctly concluded Petitioner has not shown a basis for habeas relief. Accordingly, the Report and Recommendation [Doc. No. 12] is adopted as though fully set forth herein. Respondents' motion to dismiss [Doc. No. 10] is granted, and this action is dismissed.

IT IS SO ORDERED this 7th day of February, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE